UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

SANFORD M. KIRSHENBAUM        :
                              :
            v.                :     C.A. No. 09-495ML
                              :
THE SECRETARY OF VETERANS     :
AFFAIRS, et al.               :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

On or about September 23, 2009, pro se Plaintiff Sanford M. Kirshenbaum filed a Complaint in the State of Rhode Island Providence County Superior Court against the Secretary of Veterans Affairs, Department of Veterans Affairs, Chase Mortgage Company, and other unnamed persons, corporations, or entities who may claim an interest in certain real property in issue. Pursuant to R.I. Gen. Laws § 34-16-1, et seq., Plaintiff seeks to quiet title and to claim ownership, by adverse possession, of certain real estate located in Providence, Rhode Island. On October 14, 2009, Defendants Secretary of Veterans Affairs and Department of Veterans Affairs (the "Federal Defendants") removed the case to this Court. (Document No. 1).

The Federal Defendants move to dismiss this action for lack of subject matter jurisdiction arguing that the United States has not waived its sovereign immunity to be sued under Rhode Island law. (Document No. 3). In particular, they assert that the Quiet Title Act ("QTA"), 28 U.S.C. § 2409a, is the exclusive means by which adverse claimants can challenge the United States' title to real property. Even assuming that Plaintiff alleged a claim under the QTA, the Federal Defendants contend that jurisdiction is still lacking because the United States, through a quit-claim deed dated November 2, 2009 (Document No. 3-2), has disclaimed all interest in the property in question.

When the United States has disclaimed all interest in a property and the Court confirms this disclaimer, the QTA specifically states "the jurisdiction of the district court shall cease." See 28 U.S.C. § 2409a(e).

Accordingly, the Federal Defendants ask this Court to confirm their disclaimer of interest in the subject property under 28 U.S.C. § 2409a(e) and to dismiss this action for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). In response, Plaintiff does not oppose the Federal Defendants' Motion to Dismiss them from this case with prejudice but requests that the remainder of this case be remanded to Superior Court. (Document No. 4 at 2). After dismissing the Federal Defendants, the only remaining named party in this quiet title action is Chase Mortgage Company.

**Conclusion**

Based on the law provided by the Federal Defendants in support of their Motion to Dismiss (Document No. 3) and Plaintiff's assent to dismissal, I recommend that the District Court issue an Order confirming the Federal Defendants' disclaimer of interest in the subject property (48 Grand Street, Providence, Rhode Island 02907) and dismissing all of Plaintiff's claims against the Federal Defendants with prejudice. I also recommend that the Court exercise its discretion under 28 U.S.C. § 1447 to remand the remainder of this case back to Superior Court due to the absence of federal subject matter jurisdiction, and due to the fact that this case remains in its early stages and has not been the subject of any proceedings in this Court on the merits of Plaintiff's underlying state law claims. See Shilling v. Northwestern Mut. Life Ins. Co., 423 F. Supp. 2d 513, 520-521 (D.Md. 2006). Finally, I ORDER that the Federal Defendants submit, by December 31, 2009, a proposed ORDER to Chief Judge Lisi for her consideration which implements the relief recommended herein.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b); LR CV 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Compete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
December 16, 2009